UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN BUIE,

                              Plaintiff,

                                                                        DECISION AND ORDER

                                                                         14-CV-6528L

                            v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                             Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On April 21, 2011, plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, alleging an inability to work since December 1, 2000. (T. 9). Her application was initially denied. Plaintiff requested a hearing, which was held August 8, 2012 before Administrative Law Judge ("ALJ") Connor O'Brien. ALJ O'Brien issued an unfavorable decision on November 29, 2012, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on July 29, 2014 (T. 1-3). Plaintiff now appeals.

The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's cross motion (Dkt. #13) is granted, plaintiff's motion (Dkt. #8) is denied, and the complaint is dismissed.

## DISCUSSION

An ALJ proceeds though a five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. See 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, then the ALJ continues to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ proceeds to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, the ALJ's analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f).

The ALJ then turns to whether the claimant's RFC permits her to perform the requirements of her past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (*quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (*quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

The same level of deference does not extend to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently

determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

The ALJ's decision discusses the exertional and nonexertional bases for plaintiff's claim of disability in detail, and identifies the record evidence supporting each of her findings. Upon a full review of the record, I believe that the ALJ applied the correct legal standards.

I also find that substantial evidence supports the ALJ's conclusion that plaintiff, then a forty-three year old woman with a GED and past relevant work as a certified nursing assistant, was not disabled, due to the ALJ's finding that the plaintiff was capable of performing sedentary work, with the following limitations: use of a cane when walking, opportunity to change position for 10 minutes every 60 minutes, no climbing of ropes, ladders or scaffolds, no more than occasional stooping, crouching, bending, twisting, balancing, climbing, kneeling or crawling, no more than occasional exposure to temperature extremes, humidity, airborne irritants and hazards, ability to focus for two-hour periods with a brief opportunity to stretch and refocus for one minute, no more than occasional changes in work setting, occasional interaction with the public at a speaking/signaling level, and occasional interaction with coworkers, with no team or tandem work. (T. 13). When presented with this RFC, vocational expert Julie Andrews testified that plaintiff could perform the positions of label pinker, brake linings coater and surveillance systems monitor. (T. 18).

Plaintiff's treatment records reflect a history of asthma, diabetes, hypertension, heart problems, bursitis (painful inflammation of the fluid sacs in the joint) of the left knee and hip, substance abuse (in remission at the time of the hearing) and depression. The ALJ's finding concerning plaintiff's RFC is consistent with the medical evidence of record.

No RFC opinions were offered from treating physicians, and as a result, the agency requested and obtained consultative physical and psychological evaluations. A consultative physical examination by Dr. Harbinder Toor on July 21, 2011 demonstrated that plaintiff uses a cane and has a reduced range of motion in her lumbar spine. However, plaintiff declined to participate in the majority of the examination tests, and the ALJ did not grant controlling weight to Dr. Toor's opinion, noting that the examination was incomplete and that his conclusions concerning abilities which he was unable to test were unfounded and inconsistent with other evidence of record, including plaintiff's treatment records. (T. 15).

Plaintiff chiefly argues that the ALJ erred in rejecting Dr. Toor's opinion to the extent that he concluded plaintiff had "moderate to severe limitations" in standing, walking, sitting, bending and lifting, and further, that the ALJ failed to identify any alternate medical source opinion to support her exertional RFC findings.

The ALJ, however, did grant some weight to Dr. Toor's opinion – specifically, the ALJ incorporated Dr. Toor's findings to the extent that they relied on the results of his examination and testing, rather than on plaintiff's refusal to undertake certain tests on the grounds that they might be painful. The examination and testing that Dr. Toor *was* able to complete, including examination of plaintiff's chest and lungs, tests of range of motion in her shoulders, elbows, forearms, wrists and cervical spine, deep tendon reflexes, arm and leg strength, grip strength, and hand and finger dexterity, showed no abnormalities or deficits. (T. 474-75). Furthermore, the

5

ALJ's conclusions concerning plaintiff's exertional RFC were well-supported by other evidence of record, including plaintiff's self-reported daily activities (including gardening, running errands and socializing) (T. 49-58), the results of testing by treating orthopedist Dr. Randy Rosier, which showed a full range of motion in plaintiff's lower extremities (T. 395), echocardiograms and a cardiac catheterization of plaintiff's heart which showed no significant abnormalities or disease (T. 342, 388, 468), and scans of plaintiff's spine (T. 396) and hip (T. 355, 409, 410) which showed no fracture, dislocation, or other appreciable degenerative changes. To the extent that the record does reflect that plaintiff suffers from bursitis, asthma, cardiac difficulties and at times requires the use of a cane, I find that the limitations that the ALJ incorporated into plaintiff's RFC sufficiently account for plaintiff's demonstrated limitations with regard to mobility, posture, range of motion, exposure to respiratory irritants, etc.

Plaintiff also argues that the ALJ failed to mention or appropriately consider a consultative psychiatric opinion rendered by Dr. Kavitha Finnity on October 25, 2010 (in connection with a prior application for benefits), which noted that plaintiff had "difficulty" with attention and concentration, relating to others, and coping with stress. (T. 288-291). While Dr. Finnity did not specify the extent of plaintiff's difficulty in these areas, I find that the ALJ's determination that plaintiff could focus for up to two hours (with a brief opportunity to stretch and refocus before resuming work), with no more than occasional interaction with the public and coworkers, and no team or tandem work, sufficiently accounts for plaintiff's demonstrated nonexertional limitations, and is consistent with substantial evidence of record. *See e.g.,* T. 288-90 (Dr. Finnity noted that plaintiff's thought processes are coherent and goal-directed, has fair judgment, can perform simple tasks maintain a regular schedule, learn new tasks and perform complex tasks, and make appropriate decisions); T. 306-308 (consulting psychologist Dr.

Edward Kamin completed a November 16, 2010 mental RFC assessment opining that plaintiff has "good att[ention and] conc[entration] . . . As such, the examiner[s] opinion that [claimant] would have diff[iculty] with att[ention and] conc[entration] is not adopted").

I have considered the remainder of plaintiff's arguments, and find them to be without merit. I find that the ALJ's determination of plaintiff's RFC is well-supported, that the ALJ properly relied on testimony by a vocational expert that plaintiff's RFC permitted her to perform one or more positions existing at significant numbers in the local economy, and that the record simply does not establish plaintiff's claim of disability.

Based on the foregoing, I believe the ALJ followed the proper procedures and that her decision is supported by substantial evidence. I find no basis to modify it.

CONCLUSION

The Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. #8) is denied. The Commissioner's decision that plaintiff, Shawn Buie, was not disabled, is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 8, 2016